IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CV-67-D

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LAS REYNAS RESTAURANT, INC. | ) | |
| d/b/a EL MIGUELENO a/k/a LAS REYNAS | ) | |
| and LEYDI KAREN LORENZO, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff KingVision Pay-Per-View, Ltd. ("KingVision") filed suit against a restaurant and its principal pursuant to 47 U.S.C. §§ 553 and 605. KingVision alleges that the defendants, Las Reynas Restaurant, Inc. d/b/a El Migueleno a/k/a Las Reynas ("Las Reynas") and Leydi Karen Lorenzo, unlawfully intercepted and exhibited the plaintiff's broadcast of a pay-per-view boxing event to restaurant patrons. After defendants failed to answer or move in response to the complaint, the Clerk entered default against defendants on July 25, 2007. KingVision now seeks a default judgment awarding it statutory damages of $100,000 from each defendant, attorney's fees in the amount of $2,500, and costs of $650. Mot. for Default J., Ex. 2 (Decl. of Rebecca A. Leigh) ¶¶ 7-9. As explained below, plaintiff's motion for a default judgment is granted, but the court rejects plaintiff's proposed damages.

I.

KingVision seeks to recover $50,000 in damages under both section 553 and section 605. See id. ¶ 7; Mem. 5. Essentially, section 553 regulates cable transmissions and section 605 regulates radio transmissions.[1] According to the complaint,[2] plaintiff's broadcast originated via satellite

---

[1] Section 553 states "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. §

uplink, which implicates radio transmission, and was retransmitted to cable and satellite systems. Compl. ¶¶ 7, 11. Thus, the unauthorized interception of plaintiff's broadcast violates both section 553 and section 605. See, e.g., Kingvision Pay-Per-View, Ltd. v. Ramirez, 2006 WL 2714703, at *2 (S.D.N.Y. Sept. 21, 2006) (unpublished); Kingvision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc. No. 2, 172 F. Supp. 2d 810, 812 (S.D. W. Va. Sept. 19, 2001). However, courts routinely award damages only under one section or consider the sections in tandem. See, e.g., Admiral's Anchor, 172 F. Supp. 2d at 811-12; Kingvision Pay-Per-View, Ltd. v. New Paradise Restaurant, 2000 WL 378053, at *2 (S.D.N.Y. Apr. 11, 2000) (unpublished). Indeed, to avoid duplicative recovery, courts focus in the aggregate on finding a statutory damages amount that reasonably compensates the victim and is "substantial enough to help deter future violations." Joe Hand Promotions, Inc. v. Phillips, 2007 WL 2030285, at *4 (S.D.N.Y. July 16, 2007) (unpublished). Thus, the court rejects the request for an award under both section 553 and section 605.

Additionally, KingVision seeks damages from each defendant, but has not pleaded any allegations against Leydi Karen Lorenzo individually. Apart from stating that Lorenzo is the principal of the restaurant, the complaint does not mention Lorenzo. The affidavits and memoranda also fail to detail Lorenzo's involvement. Absent allegations that Lorenzo authorized, directed, or supervised the illegal interception, KingVision cannot establish Lorenzo's individual liability. See, e.g., Phillips, 2007 WL 2030285, at *3; Ramirez, 2006 WL 2714703, at *3. Thus, the court awards damages only against Las Reynas.

Finally, KingVision's requested damages are too high under any recognized method of calculation. As stated, KingVision elected statutory damages rather than trying to prove actual

---

553(a)(1). Section 605 provides that "[n]o person not entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit . . . ." Id. § 605(a).

²Because defendants are in default, the court accepts plaintiff's well pleaded allegations of fact as true. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

damages. See Compl. Prayer of J.; Mem. 3-4. Under section 553, a plaintiff may recover damages between $250 and $10,000 for each violation. 47 U.S.C. § 553(c)(3)(A)(ii). Under section 605, a plaintiff may recover damages between $1,000 and $10,000 for each violation. Id. § 605(e)(3)(C)(i)(II). Further, if the violation was committed willfully and for purposes of commercial advantage or private gain the court "may" award enhanced damages of up to $50,000 under section 553 and $100,000 under section 605. Id. § 553(c)(3)(B), § 605(e)(3)(C)(ii).[3]

Although no single test has emerged for determining damages within the ranges provided by section 553 or section 605, analogous district court cases provide guidance. Some courts apply a formula whereby the court multiplies the defendant venue's maximum occupancy by the amount of the licensing fee. See, e.g., J&J Sports Prods., Inc. v. Benson, 2007 WL 951872, at *5 (E.D.N.Y. Mar. 27, 2007) (unpublished); Admiral's Anchor, 172 F. Supp. 2d at 812; Entm't by J&J, Inc. v. Gridiron, Inc., 232 F. Supp. 2d 679, 681 (S.D. W. Va. 2001). This formula approximates the licensing fee defendant would have paid if it obtained the broadcast legally. Other courts multiply the licensing fee or some other dollar figure by the number of patrons observed in the venue at the time the broadcast was displayed. See, e.g., KingVision Pay-Per-View, Ltd. v. Arnoat, 2007 WL 2076632, at *6 (S.D.N.Y. July 13, 2007) (unpublished) (licensing fee of $12.50 per patron); Joe Hand Promotions, Inc. v. Fofana, 2007 WL 2298372, at *6 (S.D.N.Y. Aug. 9, 2007) (unpublished) ($250 per patron); Time Warner Cable v. Googies Luncheonette, Inc., 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ($50 per patron). The figure resulting from either equation may then be multiplied by a factor such as three or five to account for the willfulness of defendant's violation. See, e.g., Arnoat, 2007 WL 2076632, at *6 (factor of three); Admiral's Anchor, 172 F. Supp. 2d at 812 (factor of five); Gridiron, Inc., 232 F. Supp. 2d at 681 (factor of five).

---

[3] The violation was willful and done for commercial advantage because Las Reynas could not have obtained the broadcast accidentally and used the fight to entertain patrons purchasing beverages and food. See Phillips, 2007 WL 2030285, at *5; Ramirez, 2006 WL 2714703, at *4; Entm't by J&J, Inc. v. Gridiron, Inc., 232 F. Supp. 2d 679, 681 n.5 (S.D. W. Va. 2001).

3

Case 4:07-cv-00067-D   Document 17   Filed 09/11/07   Page 3 of 5

Here, KingVision's investigator estimated the total capacity of Las Reynas at 100 and counted between 45 and 49 patrons present during the illegal broadcast. See Mot. for Default J., Ex. 4 (Aff. of Angie Fulzon). However, KingVision did not provide the amount of the licensing fee. In similar situations, the licensing fee amount was $17.50. Admiral's Anchor, 172 F. Supp. 2d at 812; Gridiron, 232 F. Supp. 2d at 681. Using this amount and multiplying it by 100 for capacity, the court can estimate damages of $1,750. Applying a willfulness factor of three triggers $5,250 in damages. Multiplying $17.50 by 45 patrons present at the time of the broadcast equals $787.50. Applying a willfulness factor of three generates $2,362.50 in damages. "Although these estimates and assumptions are . . . speculative, some speculation with respect to damages is permissible where, as here, a defendant's default has prevented damages from being computed with greater certainty." Arnoat, 2007 WL 2076632, at *6.

Nevertheless, and particularly without information about the licensing fees for commercial and residential customers, the court need not bind itself to a rigid formula. Instead, the court may award a flat sum. In similar cases in the Eastern District, the amount of statutory damages awarded as a flat sum has varied. See, e.g., Entm't by J&J, Inc. v. Big Boy's Entertainers, Inc., No. 5:01-CV-963-H, Order at 7 (E.D.N.C. Mar. 4, 2003) ($5,000 and no enhanced damages); Entm't by J&J, Inc. v. Jones, No. 4:02-CV-84-H, Default J. (E.D.N.C. Oct. 17, 2002) ($2,000 plus $10,000 in enhanced damages); KingVision Pay-Per-View, Ltd. v. B2, Inc., No. 5:96-CV-1040-BR, Order at 3 (E.D.N.C. Feb. 3, 1998) ($10,000 and no enhanced damages). The same is true in other jurisdictions. See, e.g., Joe Hand Promotions, Inc. v. Liriano, 2007 WL 2078764, at *1-2 (E.D.N.Y. July 18, 2007) (unpublished) ($3,000 and no enhanced damages); Phillips, 2007 WL 2030285, at *5-6 ($3,000 plus $3,000 in enhanced damages); Ramirez, 2006 WL 2714703, at *4 ($5,000 plus $10,000 in enhanced damages); Universal Sports Network, Inc. v. Jimenez, 2002 WL 31109707, at *1-2 (N.D. Cal. Sept. 18, 2002) (unpublished) ($1,000 and no enhanced damages).

4

In this case, a small damages award against Las Reynas is appropriate. KingVision's actual damages, if they could be calculated, are not substantial and most likely total less than $2,000. Moreover, KingVision does not allege that defendants promoted the fight, charged a cover fee, or otherwise received a substantial unlawful monetary gain from the broadcast. Less than 50 people were present during the broadcast. Further, KingVision does not allege that Las Reynas is a repeat offender. In light of the circumstances and the need to deter future violations, the court awards statutory damages of $2,000 and multiplies that amount by a willfulness factor of three for total damages of $6,000 against Las Reynas.

Regarding attorney's fees, KingVision's counsel requests $2,500 "for counsel's time to date," but has not provided any information as to the hourly rate and amount of time expended. See Mot. for Default J., Ex. 2 (Decl. of Rebeca A. Leigh) ¶ 8. Thus, the court directs KingVision's counsel to file an affidavit providing the court with the information it needs to determine reasonable attorney's fees. See B2, Inc., No. 5:96-CV-1040-BR, Order at 3 (E.D.N.C. Feb. 3, 1998).

Finally, the court grants KingVision's request for costs in the amount of $650 for filing the complaint ($250), service of process ($50), and investigation ($350).

II.

Based on the foregoing, KingVision's motion for a default judgment is GRANTED and the Clerk shall ENTER judgment for KingVision against Las Reynas in the amount $6,000 in statutory damages and $650 in costs. Defendant Leydi Karen Lorenzo is not individually liable for the judgment. KingVision's counsel shall FILE an affidavit concerning attorney's fees not later than September 24, 2007.

SO ORDERED. This the 11 day of September 2007.

JAMES C. DEVER III
United States District Judge